IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-40875-TLS |
| | ) | |
| AFY, INC., | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

      Hearing was held in Lincoln, Nebraska, on August 25, 2010, on the Chapter 11 trustee's motion to convert case to Chapter 7 (Fil. #207), and the objection filed by Korley B. Sears and Robert A. Sears (Fil. #224). James A. Overcash appeared on behalf of Joseph H. Badami, the Chapter 11 trustee; Jerry L. Jensen appeared on behalf of the United States Trustee; and Jerrold L. Strasheim appeared for Korley B. Sears ("Korley") and Robert A. Sears ("Robert").

      This Chapter 11 bankruptcy proceeding was filed on March 25, 2010. At that time, attorney Jerrold Strasheim represented Debtor, AFY, Inc. ("AFY"). Previously, Mr. Strasheim filed Chapter 11 proceedings as the attorney for Korley (Case No. BK10-40277-TLS) and Robert (Case No. BK10-40275-TLS). Disputes arose herein and in the cases of Robert and Korley as to who actually owned and/or controlled the voting rights of the shares of stock in AFY. The disputes were between Robert and Korley on the one hand and members of the Sears family on the other hand. Partly due to this dispute over the ownership and control of AFY, on April 29, 2010, this Court granted a motion to appoint a Chapter 11 trustee (Fil. #81). Joseph H. Badami was subsequently appointed as the Chapter 11 trustee (Fil. #90).

      After inquiry by this Court regarding potential conflicts of interest in representing Robert and Korley individually, as well as AFY, Mr. Strasheim filed a motion to withdraw as attorney for AFY (Fil. #119). On June 11, 2010, Mr. Strasheim's motion to withdraw was granted (Fil. #160).

      Section 1112 of the Bankruptcy Code governs conversion or dismissal of a Chapter 11 case. Subsection (c) of § 1112 provides as follows: "The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion." The Chapter 11 trustee asserts that he has the power to request the conversion in place of a debtor. Robert and Korley disagree and assert that only a debtor can request conversion if the debtor is a farmer and regardless of whether a Chapter 11 trustee has been appointed.

      The objection filed by Robert and Korley to the Chapter 11 trustee's motion to convert is, quite simply, irrelevant. They are not the debtor. The real and only question is whether AFY has requested conversion or at least consented to conversion. It is particularly important to note that AFY has <u>not</u> objected to the Chapter 11 trustee's motion to convert the case to Chapter 7. Further, no attorney has entered an appearance subsequent to Mr. Strasheim's withdrawal of representation of AFY. Robert and Korley cannot now show up as the purported shareholders of AFY and begin

exercising the rights and privileges of AFY.[1] AFY is a Nebraska corporation, and thus is a separate legal entity from its shareholders. Further, based on earlier hearings and evidence in this case, there remains a genuine dispute as to who may be the proper shareholders of AFY, or at least who may have the voting control of AFY, and to this Court's knowledge, no court has adjudicated that issue. In any event, the shareholders of a corporation cannot appear and make objections that belong to the corporation. *See, e.g.*, *Weimer v. Amen*, 455 N.W.2d 145, 157 (Neb. 1990) (a shareholder may bring a derivative action to enforce a cause of action belonging to a corporation only after the corporation refuses to bring suit); *Kubik v. Kubik*, 683 N.W.2d 330, 343 (Neb. 2004) (same).

Joseph H. Badami is the duly appointed Chapter 11 trustee of AFY. As such, the trustee has been empowered to administer the bankruptcy estate and is obligated to, among other things, file a plan or recommend conversion of the case. 11 U.S.C. § 1106(a)(5). Accordingly, the trustee has, on behalf of the debtor, requested conversion. Trustees routinely take action and pursue claims in the shoes of the debtor. *See, e.g.*, *Liston v. Gottsegen (In re Mi-Lor Corp.)*, 348 F.3d 294, 301 (1st Cir. 2003) (quoting *Collier on Bankruptcy* for the proposition that a trustee appointed in a Chapter 11 case stands in the shoes of the debtor in prosecuting causes of action belonging to the debtor); *Bondi v. Bank of Am. Corp. (In re Parmalat Sec. Litig.)*, 383 F. Supp. 2d 587, 594 (S.D.N.Y. 2005) (stating that a Chapter 11 bankruptcy trustee stands in the debtor's shoes and may assert claims that could have been asserted by the debtor); *Zimmerman v. Duggan,* 86 B.R. 47, 50 (E.D. Pa 1988) (same). Nothing in the Code indicates that the debtor's right to request conversion is somehow excluded from the trustee's powers. In fact, it seems the trustee is specifically authorized to request conversion on behalf of the debtor and the estate.

Further, AFY is not otherwise represented in this proceeding and has not objected to the Chapter 11 trustee's request for conversion of the case to Chapter 7. By failing to resist, AFY has waived any objection to the conversion. Waiver may be found where a party fails to raise an issue, despite a full and fair opportunity to do so. *In re Armstrong*, 201 B.R. 526, 532 (Bankr. D. Neb. 1996). Therefore, AFY has consented to the conversion, or at least waived any right to object to it, and the motion should be granted.

IT IS, THEREFORE, ORDERED that the Chapter 11 trustee's motion to convert to Chapter 7 (Fil. #207) is granted.

DATED:  September 2, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

---

[1] By making an objection on behalf of the "shareholders" of AFY, Mr. Strasheim appears to be trying to do indirectly that which he cannot do directly – represent AFY, Inc. at the same time he is representing individuals who assert ownership of, co-obligor relationships with, and potential claims against the corporation.

Notice given by the Court to:
    AFY, Inc.
    *James A. Overcash/Joseph H. Badami
    Jerry L. Jensen
    Jerrold L. Strasheim
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.